```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIGIO LOPEZ,

                    Plaintiff,

        -against-                                                        ORDER
                                                                         19-CV-6806 (GRB)(SIL)

NYS SUPERINTENDENT, NEW YORK STATE,

                    Defendants.
------------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 21 2020 ★
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

On November 26, 2019, incarcerated *pro se* plaintiff Ligio Lopez ("plaintiff") filed another complaint in this Court together with an *in forma pauperis* application and a Prisoner Litigation Authorization ("PLRA") for the Southern District of New York. (*See* Docket Entry Nos. 1-3.) By Notice of Deficiency dated February 6, 2020, plaintiff was instructed to complete and return the enclosed PLRA for the Eastern District of New York within fourteen days. (*See* Docket No. 12.) On February 14, 2020, plaintiff timely filed the PLRA for this District. (*See* Docket No. 14.) For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, plaintiff may pay the $400.00 filing fee.

To qualify for *in forma* pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948) (internal quotation marks omitted). Plaintiff's application does not include sufficient information for the Court to make such finding.

Plaintiff indicates that he is presently incarcerated and earns approximately $3.50 in

weekly "prison wages." (*See* Docket Entry 2 at ¶ 3.) Plaintiff indicates that he has no housing expenses and that he does not provide financial support to any other individuals. (*Id.* ¶¶ 6-7.) Plaintiff avers that he has $740 in his prison account and has attached a copy of his Inmate Account Statement for the period 8/31/19 through 9/30/19 that reflects a balance of $741.52. (*See* Docket Entry 2 ¶ 4 and at 3.) Thus, plaintiff's application does not demonstrate that he is unable to pay the filing fee and still provide himself "with the necessities of life." *Adkins*, 335 U.S. at 339. The Court finds that plaintiff can best set forth his current financial position on the Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Accordingly, plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239). Alternatively, plaintiff may pay the $400.00 filing fee.[1] Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED.**

/s Gary R. Brown

Gary R. Brown
United States District Judge

Dated: February 21, 2020
Central Islip, New York

---

[1] Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of plaintiff's claims. The Court suggests that plaintiff consider the pleading requirements of Federal Rules of Civil Procedure 8 as well as whether the present complaint is yet another attempt to seek habeas relief and, as a successive petition, would be barred in this Court.