F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 13 2020 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIGIO LOPEZ,

                              Plaintiff,

        -against-

NYS SUPERINTENDENT, NEW YORK STATE,

                            Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER
AND ORDER
TO SHOW CAUSE
19-CV-06806 (GRB)(SIL)**

**GARY R. BROWN, United States District Judge:**

By Order dated February 21, 2020, the Court denied the application of *pro se* plaintiff Ligio Lopez ("plaintiff") to proceed *in forma pauperis* and ordered him to either complete and return the AO 239 long form *in forma pauperis* application ("long form") or remit the $400 filing fee. DE 15. On March 9, 2020, plaintiff filed the long form. DE 17. Upon review, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, his civil rights complaint, brought pursuant to 42 U.S.C. § 1983, is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is further ordered to show cause why a litigation injunction should not be entered barring plaintiff from filing any new complaint relating to his 2003 underlying state criminal conviction without first seeking leave of Court.

## BACKGROUND

Plaintiff is no stranger to this Court. The long history of frivolous litigation by plaintiff relating to his 2003 state court conviction is well-documented. Over the past seventeen years, plaintiff has unsuccessfully sought to be released from incarceration having filed twelve (12)

civil actions in this Court, including the present case.[1]

## I. State Court Procedural History

By way of background, plaintiff pled guilty before Justice Gazzillo, County Court, Suffolk County, under Suffolk County Indictment No. 00298-2003 to Criminal Sale of a Controlled Substance in the Second Degree, a class A-II felony. *See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 2. Plaintiff was sentenced on October 29, 2003 to an indeterminate term of imprisonment of five years to life. *Id.* Plaintiff, with the assistance of court-appointed counsel, appealed his sentence and moved for a reduction in the interests of justice. That application was denied. *People v. Lopez*, 16 A.D.3d 1182 (2d Dept. 2005). Plaintiff sought leave to appeal to the New York State Court of Appeals and that application was denied on June 29, 2005. (*See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 2.

Plaintiff then moved on October 21, 2005 in the County Court, Suffolk County, for re-sentencing under the Drug Law Reform Act of 2005 and that application was denied on January 3, 2006. *See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 2. Plaintiff filed an appeal and, the Appellate Division, Second Department, affirmed the County Court's

---

[1] *See* 12-CV-3789(JFB) *Lopez v. Supt.* (2254 petition denied as time-barred); 14-CV-6856(JFB) *Lopez v. Gazzillo* (consolidated with 14-CV-7577(JFB) *Lopez v. Gazzillo*; 15-CV-2023(JFB) *Lopez v. Gazzillo*; 16-CV-2143(JFB) *Lopez v. Gazzillo*; 16-CV-2446(JFB) *Lopez v. Gazzillo*; 16-CV-3520(JFB)(SIL) *Lopez v. NYS Suffolk County Court*; and 16-CV-6036(JFB)(SIL) *Lopez v. NYS Supt.* and deemed withdrawn by Order dated Jan. 11, 2017, D.E. 44); 16-CV-5818 (JFB)(SIL) *Lopez v. NYS Supt.* (withdrawn); 17-CV-0544(JFB) (SIL) *Lopez v. NYS* (*see* D.E. 11 at 5, denying unintelligible submission construed as a motion challenging the dismissal of his 2254 petition and warning "should he continue to file unintelligible submissions challenging his 2003 conviction, the Court will consider entry of a filing injunction."); 18-CV-2366 (JFB) (SIL) *Lopez v. NYS Parole Comm.* (transferred to 2d Circuit as a successive habeas petition and denied on January 2, 2019).

2

decision denying re-sentencing under the Drug Reform Act of 2005 and finding that there were no nonfrivolous issues to be raised on appeal. *People v. Lopez*, 4 A.D. 3d 559 (2d Dept. 2008). Plaintiff filed a motion for a writ of error coram nobis arguing that the plea was invalid and, on September 16, 2008, the Appellate Division denied the motion. *See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 3. Plaintiff filed another motion for a writ of error coram nobis in the Appellate Division and that motion was denied on January 31, 2012. *See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 3.

## II.  Federal Court Procedural History

Plaintiff filed his first petition seeking a writ of habeas corpus pursuant to 28 U.S.C. 2254 in this Court on July 30, 2012. *See Lopez v. Supt.*, 12-CV-3789(JFB). By Memorandum and Order dated September 27, 2013, District Judge Joseph Bianco dismissed the petition as time-barred. *See Lopez v. Supt*, 12-CV-3789, DE 13. Judge Bianco determined that plaintiff's conviction became final on March 4, 2008 and therefore his 2012 filing was untimely. *Id.* Plaintiff sought reconsideration and, by Order dated February 28, 2014, the application was denied. *Id.* at DE 17. Plaintiff filed a second motion for reconsideration and that application was denied by Order dated December 13, 2016. *Id.* at DE 21.

Over the next two years, plaintiff filed seven (7) more *in forma pauperis* actions that were construed as challenging his underlying state court conviction and sentence. *See* 14-CV-6856(JFB) *Lopez v. Gazzillo*; 14-CV-7577(JFB) *Lopez v. Gazzillo*; 15-CV-2023 (JFB) *Lopez v. Gazzillo*; 16-CV-2143(JFB) *Lopez v. Gazzillo*; 16-CV-2446(JFB) *Lopez v. Gazzillo*; 16-CV-3520(JFB)(SIL) *Lopez v. NYS Suffolk County Court*; and 16-CV-6036(JFB) (SIL) *Lopez v. NYS Supt*. These cases were all consolidated into the earliest case, 14-CV-6856 (JFB), and that case was ultimately deemed withdrawn by Order dated Jan. 11, 2017, D.E. 44.

Plaintiff filed another case challenging his 2003 criminal conviction and sentence, 16-CV-5818 (JFB) (SIL) *Lopez v. NYS Supt.,* that he voluntarily withdrew. *See* 16-CV-5815 at DE 9. Plaintiff then filed another action, 17-CV-0544(JFB) (SIL) *Lopez v. NYS*, that the Court construed as a motion challenging the dismissal of his 2254 petition, plaintiff was warned that "should he continue to file unintelligible submissions challenging his 2003 conviction, the Court will consider entry of a filing injunction." *See* 17-CV-0544, DE 11 at 5. Despite the Court's warning, plaintiff filed another action, 18-CV-2366 (JFB) (SIL) *Lopez v. NYS Parole Comm.,* that the Court construed as a successive habeas petition challenging his 2003 conviction and transferred it to the Second Circuit Court of Appeals where it was denied on January 2, 2019. The instant complaint followed.

### III. The Instant Complaint

Plaintiff's submission is comprised of two (2) typed pages and is largely incomprehensible. It is entitled "Expediting Summons on His Expediting Affidavit Complaint" and, in its entirety, provides:[2]

> Please take expediting summons on his expediting Supporting Affidavit Complaint Here attached here,
> 3a) He's expediting on our 42 USC § 1983 Complaint here, asking these above defs to answer to explain clear to find out to prove his rights – rts to this US E Dist Court Jury Trial Hearing Room ___, 100 Fed. Plza, Central Islip 11722, at - 9:30 AM on _____ why this Court should not answer to explain clear to find out to prove his Rts to order without a Court hearing dispute a Restraining Order on his Direct Appeal Attorney's rror not to complain on his Law Question favor here that is, "why is this US E Dist Court Jury Trial Hearing Room Disorder continuing not to protect us?
> 3b) He'll on our FRCP 5(b)(2)(C) send by regular mail this expediting summons on his expediting Supporting Affidavit Complaint Here to these above Def's mailing address listed on his Complaint attached here + such service shall be

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

deemed good. Justice + 3c) a default judgement will be ordered against these above Defs for not answering his Law Question Request Complaint Here @ This specified time listed here.

Greetings. Just to be clear, I'll refer to myself as in the 3rd person, as either he + so on. He's respectfully showing this US E Dist Court Jury Trial Hearing Room as follows,

1) This above 1st Def NYS Superintendent for now is in Mid State – MS CF, Box 2500, Marcy 13403 + This above 2d def NYS Attorney is in 200 Center Dr, Riverhead 11901.

2) Isn't it true that it was ORDERED for US in S v K, 523 US 1(98), that on his next 3a L Q We get continuing damages relief challenging procedures, not for reaching the wrong result?

   3a) He's expediting on our 42 USC § 1983 Complaint here, asking these above Defs to answer to explain clear to find out to prove his rights – Rts to This US E Dist. Court Jury Trial Hearing Room, why this Court should not answer to explain clear to find out to prove his Rts to order without a Court hearing dispute a Restraining Order on his Direct Appeal Attorney's error not to complain on his Law Question favor here that is, "why is this US E Dist Court Jury Trial Hearing Room Disorder continuing not to protect us to allow to stand his continuing Informal Useless Void Unlawful Imprisonment 5 years -yrs to life Cruel + Unusual Punishment Unlawfully Punishing him in fear to do more than 16 yrs as a continuing unlawful imprisonment crime that is not treating him lawfully the same to continue not to protect his Guaranteed Federal Constitutional – Guarntd fed Constttnal Rts, by not complying with the Maximum Punishment Agreement Fixed Limit on a AII drug 1st felony like his, that is 10 yrs + 5 yrs of Post Release Parole on Our Penal Law – PL § 70.71(2)(b)(ii) that treats Us Lawfully the same to protect our Guarntd Fed Constttnal Rts?"

3) His CPLR § 5531 10/29/03 NYS Suffolk County – Suf Cty Court 298-03 guilty plea case history a) the action started in the NYS Suf Cty Court Indictment 298-03; (b) the full names of the parties in the Indictment 298-03 were THE PEOPLE OF THE STATE OF NY v. Ligio Lopez; c) He was indicted 298-03 for 2 1st degree criminal sale of a controlled substance + for 2 2d degree criminal possession of a controlled substance; d) he pled guilty to a 2d degree sale of a controlled substance to 5 yrs to life + e) on 10/29/03 he was punished to 5 yrs to life as listed here on 4(d) here by Judge Gazzillo, who denied his Application for Resentencing on 1/3/06. 5) Around 2001, he appeared on a 1 page master Credit Card Modeling Boxer Add on all the biggest magazines in the world, such as GQ + Glamour Magazines. 6) He's on our FRCP 5(b)(2)(C) asking this Court to allow him to serve by regular mail this expediting complaint here + summons attached here on these above Def's mailing address listed here + such service shall be deemed good Justice?

Compl., DE 1 at 1-2. With this background in mind, the Court considers the instant complaint.

5

## DISCUSSION

I.  *In Forma Pauperis* Application

The Court may permit a litigant to proceed *in forma pauperis* if it finds that the applicant is "unable to pay" the required filing fee. 28 U.S.C. § 1915(a)(1). The decision of whether to grant an application to proceed *in forma pauperis* rests within the sound discretion of the Court. *Maretta-Brooks v. Hanuszczak*, 5:18-CV-0426, 2018 WL 2021480 (N.D.Y.Y. Apr. 26, 2018) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). A plaintiff must demonstrate that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Maretta-Brooks*, 2018 WL 2021480, at * 2 (internal quotation marks and citation omitted)). The Second Circuit instructs that "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). Upon review of plaintiff's applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

II.  **Standard of Review**

*Pro se* submissions are afforded wide interpretational latitude and should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

The Supreme Court has held that *pro se* complaints need not even plead specific facts;

6

rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

### III. Application

Here, although plaintiff's submission is largely incomprehensible, it appears that he is again seeking review of his 2003 conviction and sentence pursuant to 42 U.S.C. § 1983. As is readily apparent, plaintiff's submission fails to allege a plausible claim nor does it include any demand for relief. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

### IV. Leave to Replead

The Court has considered affording plaintiff an opportunity to amend the complaint, *Forman v. Davis,* 371 U.S. 178, 182 (1962), but declines to do so, finding that the deficiencies therein are not such that could be cured by amending the complaint. *O'Hara v. Weeks Marine, Inc.,* 294 F.3d 55, 69 (2d Cir. 2002). Plaintiff has been afforded ample

7

opportunities to litigate these issues for over seventeen years.  Enough is enough.

## V. The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. *See Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events); *In re Martin-Trigona*, 9 F.3d 226, 222-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*).

Given that the Court's warnings to plaintiff that further filings seeking relief relating to his 2003 conviction may lead to the entry of a filing injunction has not deterred plaintiff, *see, e.g.*, 17-CV-0544(JFB) (SIL) *Lopez v. NYS* (D.E. 11 at 5) (warning that litigation injunction may be entered), plaintiff's present complaint, together with his long history of frivolous litigation (*see supra* 1-4 and at note 1), suggest that plaintiff may well file additional cases seeking to challenge his 2003 state court judgment of conviction. However, plaintiff's continued filing of frivolous complaints relating to this subject is an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history

8

...
...

of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks and citation omitted) (alteration omitted). Indeed, "[e]very paper filed with the . . . Court, no matter how repetitive or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice." *In re McDonald*, 489 U.S. 180, 185 (1989) (*per curiam*).

The Court is especially cognizant of plaintiff's *pro se* status and has considered his complaint in as positive light as possible. However, given plaintiff's litigation history, together with the fact that he has been warned that his continued filing of repetitive complaints, motions, and other filings relating to his underlying 2003 state criminal conviction may lead to the entry of an order barring the acceptance of any future complaint based upon such claims without first obtaining leave of Court to do so, the Court now **ORDERS PLAINTIFF TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS OPINION AND ORDER TO SHOW CAUSE WHY AN ORDER BARRING HIM FROM FILING ANY NEW COMPLAINT RELATING TO HIS UNDERLYING 2003 CRIMINAL CASE WITHOUT FIRST SEEKING LEAVE OF COURT SHOULD NOT BE ENTERED.** Plaintiff is advised that his failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring plaintiff from filing any new complaint relating to his underlying 2003 criminal case[3] without first seeking leave to so file, and the Court will direct the

---

[3] This Order is without prejudice to plaintiff properly filing any appeal or petition seeking a writ of habeas corpus after first seeking leave to file a successive petition from the United States Court of Appeals, Second Circuit.

Clerk of the Court to return to plaintiff, without filing, any such action. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this case, 19-CV-6806(GRB)(SIL).

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should he file another frivolous action, it is within the Court's authority to consider imposing sanctions upon him. *See* FED. R. CIV. P. 11.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b). Plaintiff is ordered to show cause by filing an affidavit within thirty (30) days from the date of this Memorandum & Order and Order to Show Cause why an order barring him from filing any new complaint relating to his underlying 2003 criminal case without first seeking leave to file should not be entered. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this case, 19-CV-06806(GRB)(SIL).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Memorandum & Order and Order to Show Cause would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum & Order and Order to Show Cause to the

*pro se* plaintiff.

**SO ORDERED**.

/s/ Gary R. Brown
Gary R. Brown
United States District Judge

Dated: August 13, 2020
Central Islip, New York