FILED
CLERK
3:15 pm, Sep 21, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIGIO LOPEZ,

                          Plaintiff,   **PREFILING INJUNCTION ORDER**
                                                    19-CV-06806 (GRB)(SIL)

      -against-

NYS SUPERINTENDENT, NEW YORK STATE,

                          Defendants.
------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

By Order dated August 13, 2020, the Court granted the application of incarcerated *pro se* plaintiff, Ligio Lopez ("plaintiff"), to proceed *in forma pauperis*, and *sua sponte* dismissed the complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Docket Entry ("DE") 18. Plaintiff was ordered to show cause why a litigation injunction should not be entered barring plaintiff from filing any new complaint without first seeking leave of Court relating to his 2003 underlying state criminal conviction. On September 2, 2020 plaintiff responded to the Order to Show Cause. DE 21.

## BACKGROUND

As the Court detailed in its August 13, 2020 Order, plaintiff is no stranger to this Court, having filed twelve (12) frivolous civil actions relating to his 2003 state court conviction. *See* Mem. & Order, DE 18 at 1-2, n. 1.[1] Over the past seventeen years, plaintiff has repeatedly

---

[1] *See* 12-CV-3789(JFB) *Lopez v. Supt.* (2254 petition denied as time-barred); 14-CV-6856(JFB) *Lopez v. Gazzillo* (consolidated with 14-CV-7577(JFB) *Lopez v. Gazzillo*; 15-CV-2023(JFB) *Lopez v. Gazzillo*; 16-CV-2143(JFB) *Lopez v. Gazzillo*; 16-CV-2446(JFB) *Lopez v. Gazzillo*; 16-CV-3520(JFB)(SIL) *Lopez v. NYS Suffolk County Court*; and 16-CV-6036(JFB)(SIL) *Lopez v. NYS Supt.* and deemed withdrawn by Order dated Jan. 11, 2017, D.E. 44); 16-CV-5818 (JFB)

1

attempted to attack his state conviction through these actions.

## I. State Court Procedural History

By way of background, plaintiff pled guilty before Justice Gazzillo, County Court, Suffolk County, under Suffolk County Indictment No. 00298-2003 to Criminal Sale of a Controlled Substance in the Second Degree, a class A-II felony. *See* Mem. & Order dated Sept. 27, 2013, *Lopez v. Supt.*, 12-CV-3789(JFB), DE 13 at 2. Plaintiff was sentenced on October 29, 2003 to an indeterminate term of imprisonment of five years to life. *Id*. Plaintiff, with the assistance of court-appointed counsel, appealed his sentence and moved for a reduction in the interests of justice. That application was denied. *People v. Lopez*, 16 A.D.3d 1182 (2d Dept. 2005). Plaintiff sought leave to appeal to the New York State Court of Appeals and that application was denied on June 29, 2005. *See* Mem. & Order dated Sept. 27, 2013, 12-CV-3789(JFB), DE 13 at 2.

Plaintiff then moved on October 21, 2005 in the County Court, Suffolk County, for re-sentencing under the Drug Law Reform Act of 2005 and that application was denied on January 3, 2006. *See People v. Lopez*, 49 A.D. 3d 559 (2d Dept. 2008). Plaintiff filed an appeal and the Appellate Division, Second Department, affirmed the County Court's decision denying re-sentencing under the Drug Reform Act of 2005 and finding that there were no nonfrivolous issues to be raised on appeal. *Id*. Plaintiff filed a motion for a writ of error coram nobis

---

(SIL) *Lopez v. NYS Supt.* (withdrawn); 17-CV-0544(JFB) (SIL) *Lopez v. NYS* (*see* DE 11 at 5, denying unintelligible submission construed as a motion challenging the dismissal of his 2254 petition and warning "should he continue to file unintelligible submissions challenging his 2003 conviction, the Court will consider entry of a filing injunction"); 18-CV-2366 (JFB) (SIL) *Lopez v. NYS Parole Comm.* (transferred to 2d Circuit as a successive habeas petition and denied on January 2, 2019).

arguing that the plea was invalid and, on September 16, 2008, the Appellate Division denied the motion. *See People v. Lopez*, 54 A.D.3d 876 (2008). Plaintiff filed another motion for a writ of error coram nobis in the Appellate Division and that motion was denied on January 31, 2012. *See People v. Lopez*, 91 A.D.3d 969 (2012).

## II. Federal Court Procedural History

Plaintiff filed his first petition seeking a writ of habeas corpus pursuant to 28 U.S.C. 2254 in this Court on July 30, 2012. *See Lopez v. Supt.*, 12-CV-3789(JFB). By Memorandum and Order dated September 27, 2013, District Judge Joseph Bianco dismissed the petition as time-barred. *See id.* at DE 13. Judge Bianco determined that plaintiff's conviction became final on March 4, 2008 and therefore his 2012 filing was untimely. *Id.* Plaintiff sought reconsideration and, by Order dated February 28, 2014, the application was denied. *Id.* at DE 17. Plaintiff filed a second motion for reconsideration and that application was denied by Order dated December 13, 2016. *Id.* at DE 21.

Over the next two years, plaintiff filed seven (7) more *in forma pauperis* actions that were construed as challenging his underlying state court conviction and sentence. *See* 14-CV-6856(JFB) *Lopez v. Gazzillo*; 14-CV-7577(JFB) *Lopez v. Gazzillo*; 15-CV-2023(JFB) *Lopez v. Gazzillo*; 16-CV-2143(JFB) *Lopez v. Gazzillo*; 16-CV-2446(JFB) *Lopez v. Gazzillo*; 16-CV-3520(JFB)(SIL) *Lopez v. NYS Suffolk County Court*; and 16-CV-6036(JFB)(SIL) *Lopez v. NYS Supt*. These cases were all consolidated into the earliest case, 14-CV-6856(JFB), and that case was ultimately deemed withdrawn by Order dated Jan. 11, 2017, DE 44.

Plaintiff filed another case challenging his 2003 criminal conviction and sentence, 16-CV-5818(JFB)(SIL) *Lopez v. NYS Supt.,* that he voluntarily withdrew. *See* 16-CV-5818 at DE 9. Plaintiff then filed another action, 17-CV-0544(JFB)(SIL) *Lopez v. NYS*, that the Court

3

construed as a motion challenging the dismissal of his 2254 petition and warning plaintiff that "should he continue to file unintelligible submissions challenging his 2003 conviction, the Court will consider entry of a filing injunction." *See* 17-CV-0544, DE 11 at 5.   Despite the Court's warning, plaintiff filed another action, 18-CV-2366(JFB)(SIL) *Lopez v. NYS Parole Comm.,* that the Court construed as a successive habeas petition challenging his 2003 conviction and transferred to the Second Circuit Court of Appeals where it was denied on January 2, 2019.

The complaint in this case followed.   Like his earlier filings, plaintiff's submission is comprised of two (2) typed pages and is largely incomprehensible.   Accordingly, because plaintiff failed to allege a plausible claim for relief, the Court dismissed the complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).   Given plaintiff's seventeen-year history of frivolous litigation relating to his 2003 state criminal case, together with the fact that the Court's warnings to plaintiff that further filings relating to his 2003 conviction may lead to the entry of a filing injunction have not deterred plaintiff, the Court ordered "plaintiff to show cause by filing an affidavit within thirty (30) days from the date of this Opinion and Order to Show Cause why an order barring him from filing any new complaint relating to his underlying 2003 criminal case without first seeking leave of court should not be entered."   DE 18 at 9.   On September 2, 2020, plaintiff timely filed a response to the Order to Show Cause.   DE 21. Although plaintiff's submission is not an "affidavit" as required, the Court considers it as though it had been properly filed.

### III.    Plaintiff's Response to the Order to Show Cause

Plaintiff has filed a six (6) page response to the Order to Show Cause that is largely incoherent and repetitive.   Rather than attempt to demonstrate to the Court why plaintiff should

4

not be required to seek leave of Court before filing any new action relating to his 2003 conviction, plaintiff has instead requested that: (1) the undersigned be disqualified from presiding over this case because of partiality; and (2) the Court and/or defendants show cause why the Court is "not correcting [plaintiff's] continuing void imprisonment 5 years – yrs to life Cruel + Unusual Punishment making him suffer fear to do more than 17 years as a continuing Wrong on a AII drug 1st felony like his is beyond our Penal Law. . . . ."[2]  DE 21.  Plaintiff's submission begins:

> 1) He's expediting on Our 28 USC § 144, 455 respectfully showing this Court to answer this Court partial Judge Brown CV 19-6806(GRB)(SIL)'s 8/13-14/20 Orders that are thinking he's dead to dismiss his 42 U.S.C. § 1983 Federal Law Question - - Fed L ? amended 3/4/20 continuing 2 complaints that he sent this Court with his long poor motion, where now he's asking this Court to disqualify this Court partial Judge Brown CV 19-6808 (GRB)(SIL)'s 8/13-14/20 Order + to accept for filing his 42 U.S.C. §1983 Fed/ L. ? amended 8/28/20 continuing 2 complaints enclosed here that is, 'Why is this US E Dist Court Jury Trial Hearing Room's Authority not correcting his continuing Void Imprisonment . . . .'

DE 21 at 1-2.  The balance of plaintiff's submission continues in this fashion and is difficult to decipher.  Wholly absent, however, is any argument or reason why an order should not be entered barring plaintiff from filing any new action relating to his 2003 conviction without first seeking leave of Court.  *See* DE 21, *generally*.

## DISCUSSION

### I.  The All Writs Act

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C.

---

[2] Excerpts from plaintiff's submission are reproduced here exactly as they appear in the original.

§ 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. *See Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events); *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*). The Second Circuit has instructed district courts to consider five factors when determining whether such sanctions are appropriate:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel,* 919 F.3d 709, 713-14 (2d Cir. 2019) (citing *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (*per curiam*). Ultimately, the court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Eliahu*, 919 F.3d at 713-14 (quoting *Safir v. US Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, four of the five factors weigh heavily in favor of imposing such a sanction. As such, the Court finds that a narrow litigation injunction is warranted. *Carrington v. Graden*, 18-CV-

4609(KPF), 2020 WL 5503537, at *6 n.2 (S.D.N.Y. Sept. 11, 2020) (entering a litigation injunction "with the understanding that such injunctions should be narrowly tailored to the specific circumstance") (citing *Safir*, 792 F.2d at 25). Given that the Court's warnings to plaintiff that further filings seeking relief relating to his 2003 conviction may lead to the entry of a filing injunction have not deterred plaintiff, *see*, *e.g.*, 17-CV-0544(JFB) (SIL) *Lopez v. NYS* (DE 11 at 5) (warning that litigation injunction may be entered), plaintiff's present complaint, together with his long history of frivolous litigation (*see supra* pp. 1-4 and note 1), suggest that plaintiff may file a new, frivolous complaint seeking to challenge his 2003 state court judgment of conviction.

      The Court is particularly sensitive to plaintiff's *pro se* status and has considered his response to the Order to Show Cause in the most positive light possible. However, his repetitive and incoherent submissions have caused an unnecessary burden on the Court and other parties, and lesser sanctions, involving repeated warnings, have proven unsuccessful. Plaintiff's continued filing of frivolous complaints relating to this subject is an abuse of the judicial process. Indeed, "[e]very paper filed with the . . . Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989) (*per curiam*).

      Given plaintiff's litigation history, together with the fact that he has been warned that his continued filing of repetitive complaints relating to his underlying 2003 state criminal conviction may lead to the entry of an order barring the acceptance of any future complaint based upon such claims without first obtaining leave of Court to do so, the Court now bars plaintiff from filing any new complaint relating to his underlying 2003 criminal case without first seeking leave of court.

The clerk of the court is directed to return to plaintiff, without filing, any new complaint from plaintiff relating to his 2003 conviction if it is received without a separate application seeking leave to file.

If plaintiff seeks leave to file a new complaint relating to his 2003 conviction along with a request for leave to file the complaint, the clerk of court will be directed to open it under a miscellaneous number.

Further, plaintiff is cautioned that Rule 11 of the Federal Rules of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . . ."), and should he file another frivolous action, it is within the Court's authority to consider imposing sanctions upon him.  *See* FED. R. CIV. P. 11.

## II. Motion to Recuse

Finally, insofar as plaintiff's response to the Order to Show Cause can be liberally construed as a motion for recusal, the application is denied.  "A judge must recuse himself if his 'impartiality might be reasonably questioned.'"  *Buhannic v. TradingScreen Inc.*, 19-CV-10650(ER), 2020 WL 4058949, *5 (S.D.N.Y. July 20, 2020) (quoting *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014)).  In addition, Section 455(b) lists circumstances requiring removal, such as when the judge has a personal bias in the proceeding or a financial interest in the proceeding.  *See* 28 U.S.C. § 455(b).  "The propriety of recusal is considered objectively, with courts asking, '[W]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned?'"  *Buhannic*, 2020 WL 4058949 at *5 (quoting *United States v. Lovaglia*, 954 F.3d 811, 815 (2d Cir. 1992).  "If the answer to that

8

question is 'no,' recusal is 'prohibited.'" *Id*. at *5 (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Here, plaintiff has not set forth any basis for recusal other than a conclusory allegation that the undersigned is "partial." DE 21 at 1-2. Accordingly, in the absence of any reasonable basis to question this Court's impartiality, plaintiff's motion for recusal is denied.

## CONCLUSION

For the reasons set forth above, plaintiff is barred from filing any new complaint relating to his underlying 2003 criminal case without first seeking leave of court. The clerk of the court is directed to return to plaintiff, without filing, any new complaint from plaintiff relating to his 2003 conviction if it is received without a separate application seeking leave to file.

If plaintiff seeks leave to file a new complaint relating to his 2003 conviction along with a request for leave to file the complaint, the Clerk of the Court will be directed to open it under a miscellaneous number.

Plaintiff's motion for recusal is denied and plaintiff is cautioned that, should he file another frivolous case, it is within the Court's authority to consider imposing Rule 11 sanctions upon him.

Although nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

_____
The Honorable Gary R. Brown

                                                                                                                         United States District Judge

Dated:        September 21, 2020
                 Central Islip, New York